**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

ELIZABETH LOWE,

      Plaintiff,

v.                                      Case No:

SENTARA HEALTH ADMINISTRATION
INC.

      Defendant.

_____.

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Elizabeth Lowe, by and through the undersigned counsel, herein files this Complaint and sues the Defendant, Sentara Health Administration, Inc. pursuant to 29 U.S.C. Section 201 *et seq.* and Section 216b of the Fair Labor Standards Act for failure to pay overtime premiums, and states as follows:

## PRELIMINARY STATEMENT

1.      Plaintiff, Elizabeth Lowe ("Plaintiff"), brings this action for violation of federal wage and hour laws pursuant to the Fair Labor Standards Act, 29 U.S.C. Section 201*, et seq.,* ("FLSA"). Plaintiff alleges that she is entitled to unpaid overtime wages, as required by 29 U.S.C. Section 207.

2.      The FLSA is our nation's foremost wage law. The overtime requirements of the FLSA were meant to apply financial pressure to spread

employment to avoid the extra wage and to assure workers additional pay to compensate them for the burden of a work week beyond the hours fixed in the act. *See In re Novartis Wage & Hour Litig.*, 611 F.3d 141, 150 (2d Cir. N.Y. 2010). It requires minimum wage and overtime pay for certain non-exempt employees. 29 U.S.C. § 213.

3.    Plaintiff worked for Defendant as an Inside Sales Representative primarily under the title of Field Benefits Consultant until her separation from employment on or about October 5, 2025.

4.     Defendant was recruited in Florida and expected and known to be working from her home in Florida.

5.    Plaintiff worked for Defendant remotely from her home located in Hillsborough County, Florida.

6.    Throughout Plaintiff's employment with the Defendant, she was required to work in excess of forty (40) hours per week in order to complete her job duties and did so but without any additional payment or premium for the overtime hours.

7.    Pursuant to policy and plan, Defendant willfully classified Plaintiff as exempt from overtime pay.

8.    The Defendant willfully failed to compensate Plaintiff for all overtime hours worked in excess of forty (40) hours per workweek, and at all times, treated

and classified her as a salaried, exempt employee.

9.     The allegations in this pleading are made without any admission that, as to any particular allegation, Plaintiff bears the burden of pleading, proof, or persuasion. Plaintiff reserves all rights to plead for alternatives.

## PARTIES, JURISDICTION, AND VENUE

10.     This Court has subject matter jurisdiction over Plaintiff's FLSA claim pursuant to 28 U.S.C. Section 1331, because this action involves a Federal Statute, 29 U.S.C. Section 201, et seq.

11.     Defendant, Sentara Health Administration Inc. (hereinafter "Sentara" or "Defendant") is a foreign, for-profit corporation with principal place of business located at 1300 Sentara Park, Virginia Beach, VA 23464. Defendant may be served through its registered agent: CT Corporation System, at 1200 South Pine Island Road, Plantation, FL 33324.

12.      Defendant Sentara is subject to personal jurisdiction in this action pursuant to Florida's long arm statute, Fla. Stat. Ann. §48.193 as Defendant is engaged in continuous business contacts and activities in this state and employs numerous persons hired to work in this state.

13.     Pursuant to 28 U.S. Code § 1391, venue is proper within this district because the damages at issue occurred in this district.

14.     At all times relevant to this action, Plaintiff was an employee of

Defendant within the meaning of 29 U.S.C. Section 203(e)(1).

15.   Sentara Health is an integrated delivery network operating 12 hospitals, over 400 sites of care, and generating $14.2 billion in annual revenue.

16.   Additionally, Sentara Health Plans offers a comprehensive range of health insurance products designed for various life stages and business needs.

17.   As stated on its website, Defendant self-describes its business as follows: "Sentara Health Plans is a full-service health plan with products for groups and individuals, as well as Medicaid, and Medicare including Special Needs (SNP) plans. We have grown from a regional health plan into a formidable alternative to national carriers in Florida and Virginia, covering close to one million members. In Florida, we offer commercial group, individual, and Medicare Advantage plans through AvMed. In Virginia - where Sentara Health Plans is headquartered - we offer health insurance through our extensive state-wide network, which includes operating as part of an integrated delivery network (IDN) with Sentara Health hospitals and providers."

18.   The overtime wage provisions set forth in 29 U.S.C. Section 207 applies to the Defendant, as it engages in interstate commerce under the definition of the FLSA, selling products and services across state lines, and have annual gross revenues of more than $500,000.00 over the past 3 years, as well as 100 or more employees. Plaintiff was also engaged in interstate commerce, recruiting others to

sell Defendant's products and services.

19.    Defendant should be well aware that the FLSA requires the regular rate of pay calculation to include not only the base salary, but the bonuses and commissions in the calculation; thus, the overtime rates of the Plaintiff must be based upon not just the base salary, but the commissions and bonuses as well.

20.    All conditions precedent to the filing of this action have been performed.

## FACTUAL BACKGROUND

21.    Plaintiff was employed by the Defendant as an Inside Sales Representative (ISR), working remotely from her home in Tampa, Florida.

22.    Ms. Lowe began her employment with AvMed Health Plans ("AvMed"), a Florida-based not-for-profit health plan, on September 19, 2023. In 2023, Sentara acquired AvMed and, as part of that acquisition, retained AvMed's workforce, including Ms. Lowe. Accordingly, after approximately two months with AvMed, Ms. Lowe transitioned to employment with Sentara on December 17, 2023.

23.    Plaintiff's position with AvMed was titled "Field Broker Consultant;" after acquisition, Plaintiff's position at Sentara was titled "Sales Executive" and she continued under this title until separation from employment.

24.    Ms. Lowe was part of a sales team of approximately eight individuals responsible for selling across three lines of business: commercial group, commercial

individual and family plans, and Medicare. Each sales executive typically focused on one line of business and was assigned a designated geographic territory. Ms. Lowe supported the commercial individual and family plan line of business and her assigned geographic territory included Central and Northern Florida.

25.    Ms. Lowe primarily worked remotely from her residence in the Tampa, Florida area (central Florida); and more than 86% of her weekly work hours were spent working remotely from her home office.

26.    Plaintiff's primary duty was to make sales, and she was at all times part of the Defendant's production team of employees.

27.    Alternatively, Plaintiff's primary job duty was promotional work and engaging in activities which generate sales opportunities to be closed or negotiated by other sales representatives or agents.

28.    Plaintiff's sales activities and lead-generation work was also intended to benefit the sales of licensed health care agents.

29.    All of Plaintiff's job duties were routine and standardized, and according to set procedures as created by Defendant.

30.    Plaintiff did not fire or hire other employees; nor was she ever engaged in the interviewing process.

31.    Plaintiff did not supervise 2 or more full-time employees as contemplated by the FLSA and executive exemption.

32.     Plaintiff routinely worked in excess of 40 hours per week throughout his employment with Defendant, with the knowledge and encouragement of Defendant.

33.     Defendant paid Plaintiff on a salary and commission basis; she was offered incentive compensation in the form of commissions and other bonuses.

34.     Defendant classified Plaintiff's position as exempt from overtime pay under the FLSA, and Defendant never paid Plaintiff any premiums for overtime hours worked.

35.     Defendant did not track and record Plaintiff's work hours or maintain accurate and contemporaneous time records of the hours she worked.

36.     Throughout Plaintiff's employment she was encouraged to work as many hours as necessary to hit production goals, sales quotas, meet key performance metrics and encouraged to work as many hours as she deemed necessary in order to maximize her bonus or commission earnings.

37.     Despite regularly working in excess of 40 hours per week during his employment with Defendant, Plaintiff was never paid an overtime premium of any amount, either half time or one and one-half her regular rate of pay for all hours worked in excess of forty (40) in a workweek as required by 29 U.S.C. Section 207(a)(1).

38.     Defendant did not have reasonable grounds or a good faith basis under

the FLSA to classify Plaintiff as exempt from overtime pay or to claim that Plaintiff's position fell within any of the exemptions to the overtime provisions of the FLSA.

39.    Defendant knew or should have known that persons working as inside sales employees do not meet any exemptions from the overtime pay requirements of the FLSA.

40.    Plaintiff's position was subject to the FLSA wage provisions.

**COUNT I**
**Failure to Pay Overtime Compensation in Violation of Section 207 of the FLSA**
**29 U.S.C. § 207(a).**

41.    Plaintiff adopts and re-alleges the allegations set forth in the foregoing paragraphs as if fully set forth herein.

42.    Plaintiff was an employee of Defendant within the meaning of 29 U.S.C. Section 203(e)(1) and engaged in interstate commerce soliciting for business and selling defendant's products across the U.S. using telephones and email.

43.    The Defendant is Plaintiff's "employer" within the meaning of 29 U.S.C. Section 203(d) and subject to the FLSA.

44.    The overtime wage provision set forth in FLSA Section 207 applies to Defendant as it has engaged in commerce under the definition of the FLSA selling its products and services interstate and has revenues of greater than $500,000

annually.

45.    Throughout Plaintiff's employment with Defendant as a sales employee under the title of Sales Executive, she was not paid overtime compensation for any hours worked in excess of forty (40) per week.

46.    Plaintiff did not exercise the requisite discretion, management, and independent judgment with respect to matters of significance to be classified as exempt under the FLSA.

47.    Plaintiff's primary job duty was sales and which she primarily performed from her home.

48.    Plaintiff did not have disciplinary authority or discretion and was not involved in hiring and firing employees.

49.    Plaintiff's primary job duty did not require the exercise of independent discretion and judgment in matters of significance, as her primary job duty was production, meaning she worked to generate sales opportunities for others who would then consummate or close, while working from her home; thus meaning inside sales work.

50.    Plaintiff's secondary job responsibility was promotional work under 29 CFR § 541.503: promoting the Sentara health plans to others who would sell the plans or policies.

51.    In other words, Plaintiff's promotional work was incidental to sales

made, or to be made, by someone else and does not meet the definition or elements of the exempt outside sales work.

52. Plaintiff did not make decisions as an exempt administrator would, nor did she create policy.

53. Plaintiff did not "manage" a department or manage other employees.

54. Plaintiff was only on limited events and times regularly engaged away from her home in performing her job duties and responsibilities; not on a regular weekly basis was she required to be performing work away from her home.

55. Defendant encouraged Plaintiff to work as many hours as necessary to hit sales goals and maximize her commissions or bonus.

56. Defendant is aware, or should have been aware, of the FLSA overtime requirements for inside sales employees, and that such positions are deemed to be non-exempt under the FLSA and its regulations.

57. Defendant knew, or should have known, that withholding overtime wages from Plaintiff constituted a willful violation of the FLSA.

58. Defendant knew that since Plaintiff did not have decision making authority and discretion, did not interview, hire, fire, or have discretion to discipline employees, that she was a non-exempt employee and should have been paid overtime wages.

59. Defendant has thus willfully and intentionally engaged in a pattern and

practice of violating the overtime provisions of the FLSA by refusing to pay overtime wages to Plaintiff for all hours worked in excess of forty (40) per week.

60.    During the relevant time period, Defendant required Plaintiff, an employee under the FLSA, to regularly work in excess of forty (40) hours in a work week without payment of overtime premiums.

61.    Defendant was also aware Plaintiff was working over 40 hours per week routinely to perform her job duties.

62.    Defendant placed no limits or cap on the work hours Plaintiff worked and encouraged her to work as many hours as she deemed necessary.

63.    In order to keep up with job requirements, hit goals, and production requirements, the position required Plaintiff to routinely work beyond 40 hours each week during the 3 years preceding the filing of this Complaint.

64.    Defendant knowingly and willingly failed to pay Plaintiff any overtime premiums for the hours worked over 40 in any workweek.

65.    Evidence reflecting the precise number of overtime hours worked by Plaintiff is in the possession of Defendant in some manner or form. If these records are unavailable, Plaintiff may establish the hours she worked solely by her testimony and the burden of overcoming such testimony shifts to the employer. See *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680 (1946).

66.    As a direct result of Defendant's violations of the FLSA, Plaintiff

suffered damages by being denied overtime wages in accordance with Sections 207 and 216(b) of the FLSA.

67.    During the period Plaintiff was performing work for Defendant in the 3-year period preceding the filing of this Complaint, Defendant never discussed with Plaintiff or held trainings or meetings to go over the FLSA, or the exemption it was relying upon or claiming to be applicable to Plaintiff's position.

68.    Defendant has not made a good faith effort to comply with the FLSA with respect to its compensation of Plaintiff and knew or should have known that her position was misclassified as exempt from the overtime pay requirements of the FLSA.

**WHEREFORE**, Plaintiff, Elizabeth Lowe, herein demands judgment against Defendant for:

a) Overtime compensation for all hours worked over 40 in each and every workweek during the preceding 3-year period of time in amounts to be determined at trial;

b) An equal sum of the overtime wages awarded as liquidated damages;

c) Recovery and reimbursement of all attorneys' fees and costs incurred (pursuant to Section 216 of the FLSA); and

d) Any such other and further equitable relief that the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff

demands a trial by jury on all issues.


Respectfully submitted this 22nd day of July 2026 by,

> _/s/Mitchell L. Feldman, Esq._
> Mitchell L. Feldman, Esq.
> Florida Bar No.: 0080349
> **Feldman Legal Group**
> 12610 Race Track Road, Suite 225
> Tampa, FL 33626
> mfeldman@flandgatrialattorneys.com
> mail@feldmanlegal.us
> Tel 813 639-9366
> Fax: 813 639-9376
> _Lead Counsel for Plaintiff_